UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHERI HONEYWELL, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

AMERICAS BEST VALUE INN CLEVELAND AIRPORT, an Ohio corporation,

    Defendant.
_____/

CASE NO.: 1:18-cv-02697

**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Cheri Honeywell, on behalf of herself and the proposed class (defined below), brings this action against AMERICAS BEST VALUE INN CLEVELAND AIRPORT, an Ohio corporation ("Defendant"):

**INTRODUCTION**

1. For more than 25 years, the Americans with Disabilities Act ("ADA") has required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

2. This mandate requires places of lodging to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms. 28 C.F.R. § 36.302(e)(1).

3. Defendant owns and/or operates the America's Best Value Inn - Cleveland Airport (the "Hotel" or the "Subject Property"), and, as part of those operations, provides hotel customers online reservations services via its website (hereinafter the "Website" which shall refer to https://www.redlion.com/americas-best-value-inn/oh/brook-park/americas-best-value-inn-cleveland-airport and any other website operated by, controlled by, or acting at the direction of Defendant directly, or through contractual, licensing, or other arrangements, for the purposes described herein). Defendant's Website reservations systems fail to provide information about the accessible features of the Hotel and its rooms to persons with disabilities.

4. As such, Defendant has failed to make its reservations services fully and equally accessible to individuals with disabilities, thereby denying those individuals the same benefits and privileges afforded to guests without disabilities.

5. Plaintiff accordingly seeks declaratory and injunctive relief establishing that Defendant has engaged in violations of the ADA, and requiring Defendant to comply with the ADA by providing individuals with disabilities accessible reservation services that are in all relevant aspects the same as the reservation services provided to non-disabled guests.

## JURISDICTION AND VENUE

6. The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

7. Personal jurisdiction exists for Defendant because it manages and/or operates the Hotel, located in Ohio.

8. Venue in the Northern District of Ohio is proper under 28 U.S.C. § 1391(b)(2) and rule 1.02 Local Rules of the United States District for the Northern District of Ohio in that all the events giving rise to the lawsuit occurred in Ohio.

## PARTIES

9. Plaintiff Cheri Honeywell, at all times relevant hereto, is and was a resident of Fort Lauderdale, Florida.

10. Plaintiff has a mobility disability and is limited in the major life activities of walking standing, bending, reaching, and grasping which has caused her to be dependent upon mobility devices and aids for mobility.

11. As Plaintiff requires an accessible hotel and hotel rooms in order to fully and equally utilize services offered by hotels including the Hotel, she has a personal interest in ensuring that hotels comply with federal requirements governing the provision of accessible reservations services.

12. Plaintiff is both a tester in this litigation and a consumer who wishes to obtain equal access Defendant's goods and services; she is planning travel to the area to visit friends and family and intends to return on an annual basis.

13. Defendant AMERICAS BEST VALUE INN CLEVELAND AIRPORT, an Ohio corporation, is organized under the laws of Ohio with its principal place of business in Ohio.

**FACTUAL ALLEGATIONS**

14. Defendant owns, manages and/or operates the Hotel.

15. As part of its operations, Defendant provides its customers and the public reservations services, including, but not limited to, the ability to reserve rooms online via the Website.

16. Within the applicable limitations period, Plaintiff visited the Website to identify the accessible features of the Hotel and its guest rooms to determine whether it met her accessibility needs.

17. Plaintiff was unable to independently ascertain the accessible features of the Hotel and its guest rooms by reference to the Website as required by the ADA. 42 U.S.C. § 12182 *et seq*. and 28 C.F.R. § 36.302(e)(1) *et seq*. ("ADA Accessibility Standards").

18. An investigation performed on Plaintiff's behalf confirmed the allegations made by Plaintiff in paragraphs 16 through 17.

19. The barriers to access on the Website, all encountered by Plaintiff, include but are not limited to, the following:

    a) The Website fails to disclose the physical barriers to access identified in the preceding section. These physical access barriers represent material elements of the Hotel that do not comply with applicable ADA Standards. Defendant's failure to identify them prevents Plaintiff and other individuals with disabilities from independently determining if the Hotel meets his or her accessibility needs.

b) On the homepage of www.redlion.com/americas-best-value-inn/oh/brook-park/americas-best-value-inn-cleveland-airport, there is a general description of the Hotel's location and features; however, none of the information provided relates to accessibility as required by ADA accessibility standards.

c) There is a link labeled "Contact" which provides information on how to contact the Hotel; however, none of the information provided relates to accessibility as required by ADA accessibility standards.

d) There is a link labeled "Details" which provides a description and a list of features the Hotel offers. One of the features is labeled as "Handicap Accessible"; however, this item lacks specificity and does not provide sufficient detail for Plaintiff to determine whether the Subject Property will meet her accessibility needs as required by ADA accessibility standards.

e) There is a link labeled "Hotel Amenities" which lists the various amenities the Hotel offers. One of the amenities is "Accessibility Features." However, because no accessibility features are identified, the information lacks specificity and is insufficient for Plaintiff to determine if it meets her accessibility needs as required by ADA accessibility standards.

f) On information and belief, amenities or features designated as accessible by Defendant are not included in the inventory of amenities searchable via the Website and it's reservation systems in violations of ADA accessibility standards.

    g)    There is a link labeled "Room Types" which offers photos, a description, and a "Select This Room" link for each of the Hotel's three room options; however, none of the information provided relates to accessibility as required by ADA accessibility standards.

    h)    Remaining links from the homepage do not contain information regarding accessibility as required by ADA accessibility standards.

    i)    When attempting to make a reservation, Plaintiff was unable to book a room because she was unable to find any information or room option pertaining to accessibility as required by ADA accessibility standards.

20. Defendant's failure to modify its policies, practices and procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms is discriminatory and violates ADA Accessibility Standards.

21. Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's good and services at the Hotel. Plaintiff is being deterred from patronizing the Hotel on particular occasions but intends to return to the Hotel and the Website for the dual purpose of availing herself of the goods and services offered to the public by the Hotel and to ensure that Defendant ceases evading its responsibilities under federal law.

22. However, the lack of accessible reservations services has deterred Plaintiff from staying at the Hotel.

23. Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to provide accessible reservations services to persons with disabilities.

## **CLASS ALLEGATIONS**

24. Plaintiff brings this action under Rule 23(a) and (b)(2) of the federal rules of civil procedure and on behalf of herself and the following class: "All individuals with disabilities who have been, or in the future will be, denied the full and equal enjoyment of reservations services offered to guests at the Hotel because of the lack of accessible reservations services through the Website."

25. Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court and will facilitate judicial economy.

26. Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

27. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's goods, services and facilities due to the policies and practices described above.

28. Adequacy of Representation: Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action

litigation, generally, and who possess specific expertise in the context of litigation under the ADA.

29. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## CAUSE OF ACTION
**Violations of 42 U.S.C. §§ 12181,** *et seq***.**

30. Plaintiff incorporates by reference the allegations stated in paragraphs "1" through "23" of this complaint as if fully stated herein.

31. Plaintiff brings this claim individually and on behalf of the class.

32. Plaintiff is an individual with a disability under the ADA. 42 U.S.C. § 12102(1)(A).

33. Defendant, a hospitality business, is public accommodation under the ADA. 42 U.S.C. § 12181(7).

34. Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

35. Defendant operates online reservations systems through the Website within the meaning of the ADA. 42 U.S.C. § 12181(3) and (4).

36. For reservations systems, Defendant must meet the requirements of the ADA as set forth in 28 C.F.R. § 36.302(e)(1) *et seq*.:

(e)(1) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

37. Defendant has engaged in illegal disability discrimination by, without limitation, failing to ensure that reservations services offered on the Website are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or

other mobility aids, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible reservations services.

38. Moreover, by failing to provide accessible reservations services, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

    a) denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available at Defendant's Hotel;

    b) affording individuals with mobility disabilities unequal access to goods, services or facilities;

    c) utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common administrative control;

    d) Failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

39. Defendant's ongoing and continuing violations of Title III have caused, and in the absence to an injunction will continue to cause harm to the Plaintiff and the class.

40. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgement as follows:

1. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the

relevant implementing regulations of the ADA, in that Defendant failed to take action reasonably calculated to ensure that Defendant's reservations services were fully accessible to, and independently usable by, individuals with mobility disabilities;

2. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.302(e)(1) *et seq*. which directs Defendant to take all steps necessary to bring its reservations services into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that those reservations services are fully accessible to, and independently usable by, individuals with disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

3. An Order Certifying the proposed class, naming Plaintiff as the representative of the class, and designating counsel for Plaintiff as class counsel;

4. Payment of costs and reasonable attorneys' fees as provided for by law; and

5. Such other additional or alternative relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all triable issues.

Dated this 20th day of November, 2018.

> Respectfully submitted,
> /s/ Emily White
> Emily White (0085662)
> Marc E. Dann (0039425)
> DannLaw
> P.O. Box 6031040
> Cleveland, OH 44103
> Phone (216) 373-0539
> Fax (216) 373-0536
> notices@dannlaw.com
> *Counsel for Plaintiff*

**11**